REID, Judge.
This cause arises out of an accident occurring in the Town of Livingston, Parish of Livingston, State of Louisiana, on or about August 8, 1962, at approximately 3:00 p. m. Suit was filed by the plaintiff, F. D. Wheat, individually and as administrator of the estate of his minor son, Jonathan H. Wheat, against Jerry Cutrer and Sharon Cutrer.
It is alleged by the plaintiff that his son, Johnathan H. Wheat, who, at the time of the accident was two years old, was playing in the vicinity of South Range Road in the Town of Livingston, at which time the defendant, Sharon Cutrer, was driving her automobile in a northerly direction on the South Range Road and negligently ran over the young boy as he was attempting to cross the road. Plaintiff further alleged that the defendant, Sharon Cutrer, was negligent in that she was operating the vehicle under her control at a speed in excess of 25 miles per hour posted speed limit; failing to keep a proper lookout; and in failing to see what she should have seen or having seen, failing to heed. Answer was filed on behalf of the defendants generally denying the allegations of the plaintiff’s petition except to marital status and residence. The answer further alleged that the accident in which Jonathan Wheat was injured was caused by the fact that the said Jonathan Wheat darted suddenly from behind certain weeds on the side of the road into the path of the automobile being operated by Sharon Cut-rer; that the accident was unavoidable; and that it was not proximately caused in any manner by the negligence of the defendant, Sharon Cutrer.
At the trial of the case, the plaintiff attempted to establish that Mrs. Cutrer was driving her automobile north on the South *574 Range Road at an excessive rate of speed for the prevailing road conditions; that there were no weeds or other obstructions to impair Mrs. Cutrer’s vision; and that if she had been driving at a slower speed, she should have been able to stop in time to avoid striking Jonathan Wheat.
J. W. Sartwell, Sr., the Town Marshal of Livingston, was called as a witness on behalf of the plaintiff and testified that upon his arrival at the scene of the accident he observed certain skid marks left by the automobile being operated by Mrs. Cutrer and that he stepped them off and estimated them to be approximately 80 feet in length. He further testified that the skid marks curved from the center of the road off to the left side of the road which indicated to him that Mrs. Cutrer had tried to avoid striking the child. Mr. Sartwell further testified that the road surface, which is normally blacktopped, was covered, with a coating of “pea gravel” which, in his estimation, would make stopping much more difficult.
The evidence introduced by the defense was to the effect that Mrs. Cutrer had left her home approximately two blocks from the scene of the accident and was proceeding north on the South Range Road at approximately 25 miles per hour. At some point south of the Wheat home, which is located on the east side of the highway, Jonathan Wheat ran from behind a cover of weeds located on the east side of the road into the path of the vehicle driven by Mrs. Cutrer. Mrs. Cutrer stated that she immediately applied her brakes and attempted to avoid striking the child but that the child apparently ran into the right front fender of her vehicle at approximately the time when the vehicle had almost come to a stop. Mrs. Cutrer testified that she had not previously seen the child prior to the time that he ran onto the road and that when she did see him she did everything she possibly could to avoid striking him.
Upon hearing the evidence, the Trial Court found “that the defendant Sharon Cutrer, acted reasonably; that the Wheat child darted into the path of the Cutrer vehicle suddenly and without warning; that Mrs. Cutrer did everything a motorist acting reasonably could do to avoid striking the child and is therefore, free of any negligence in causing the injuries sustained by Jonathan Wheat.”
Judgment was then rendered in favor of the defendants, Jerry Cutrer and Sharon Cutrer, and against the plaintiff, F. D. WheaJ b.dividually and as administrator of tht estate of his minor child, Jonathan H. Wheat, dismissing the plaintiffs suit at his costs. From this judgment the plaintiff has appealed, assigning as error the finding of fact by the Trial Court that Mrs. Cutrer was traveling at a reasonable speed under the circumstances in view of the fact that she left approximately 80 feet of skid marks. The plaintiff further contends that due to the fact that a certain amount of “pea gravel” was on the road surface that Mrs. Cutrer should have been driving at an even lower rate of speed than the speed limit. Relative to the speed at which Mrs. Cutrer was traveling prior to the accident, the plaintiff relies on the speed chart found in Blashfield’s Automobile Law, Section 6236, quoted by this Court in Randall v. Baton Rouge Bus Company, 114 So.2d 98 (1959). According to the plaintiff’s interpretation of this speed chart, Mrs. Cutrer would have to have been going in excess of 40 miles per hour to have skidded 80 feet prior to stopping. However, Blashfield’s Automobile Law, Section 6236, is not in evidence herein and under our jurisprudence, we cannot consider it unless it is offered in evidence. See Picard v. Joffrion, La.App., 202 So.2d 372, Guidry v. Grain Dealers Mutual Insurance Company, La.App., 193 So.2d 873. In the present case, the evidence established that the road surface at the scene of the accident was covered by “pea gravel” and that the automobile was a very small automobile having much less weight than an ordinary automobile and, therefore, it is apparent that under these conditions the automobile *575 could easily have skidded a few feet farther than would ordinarily be the case. At any rate, we find no evidence which could justify this Court overruling the finding of fact made by the Trial Judge, either as to the approximate speed which Mrs. Cutrer was driving or with regard to the reasonableness of her traveling at approximately the posted speed limit in view of the “pea gravel” being on the road surface. There being no evidence of manifest error on the part of the Trial Judge in coming to his decision, we have no choice but to affirm his judgment.
Affirmed.